IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| TUONG Q. NGUYEN, | : | BANKR. NO. 19-14310 ELF |
| | : | |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| ANDREW R. VARA, | : | |
| ACTING UNITED STATES TRUSTEE, | : | ADV. NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TUONG Q. NGUYEN, | : | |
| | : | |
| Defendant. | : | |

_____

**COMPLAINT OF THE UNITED STATES TRUSTEE
OBJECTING TO DEBTOR'S DISCHARGE**

Andrew R. Vara, Acting United States trustee for Region 3, which includes the

Eastern District of Pennsylvania (the "U. S. trustee" and/or "Plaintiff"), by and through his

undersigned counsel, as and for his complaint objecting to the granting of a discharge to Tuong

Q. Nguyen (the "Debtor" and/or "Defendant") respectfully alleges as follows:

**JURISDICTION**

1.    Plaintiff is the United States trustee for the Eastern District of

Pennsylvania, and files this proceeding pursuant to the authority granted to him in Title 11,

Sections 307 and 727(c)(1) of the United States Code.

2.    Defendant is Tuong Q. Nguyen whose residence is believed to be located

at 349 Wyoming Avenue, Philadelphia, Philadelphia County, Pennsylvania   19120, Debtor in

bankruptcy case number 19-14310.

3.      Venue of this proceeding is in the United States District Court for the

Eastern District of Pennsylvania pursuant to Title 28, Section 1409(a) of the United States Code.

4.      This Court has jurisdiction to hear and determine this complaint pursuant

to Title 28, Sections 1334(b) and 157 of the United States Code.

5.      This matter is a core proceeding pursuant to Title 28, Section 157(b)(2)(J)

of the United States Code.

6.      Plaintiff consents to the entry of a final order and/or judgment by the

bankruptcy court in this case.

## BACKGROUND FACTS

7.      Defendant/Debtor, Tuong Q. Nguyen, commenced this bankruptcy case on

July 8, 2019 (the "Petition Date") by filing a voluntary petition under chapter 7 of the United

States Bankruptcy Code.   Concurrent with the filing of his Petition, the Defendant filed his

Schedules and Statement of Financial Affairs (SOFA).

8.      On July 8, 2019, Terry P. Dershaw, Esq. was appointed trustee (the

"Chapter 7 Trustee") in the Defendant's case.

9.      The initial Meeting of Creditors pursuant to 11 U.S.C. § 341(a) was

scheduled for August 14, 2019.   The deadline for filing an action pursuant to 11 U.S.C. § 727

objecting to the Defendant's discharge is October 13, 2019.

10.      The Defendant states on Schedule F that he has unsecured non priority

debt in the total amount of $66,141, all of which he identifies as consumer debt.

11.      The Defendant states on Schedule B that he has personal assets with a

total value of $3,053.40, including cash and deposits in a bank account totaling $553.40, and

2

miscellaneous household goods and furnishings and clothing valued at $2,500.00.

12.     Defendant states on Schedule I that he receives gross monthly income of $1,802.11 working for Golden Age Home Care, Inc.

13.     In his SOFA, question number 1, the Defendant lists gross income of $3,328.00 from employment during 2019, and $19,310 from employment in 2018.

14.     The Defendant lists no other income or sources of income on Schedule I or the amended SOFA.

15.     The Defendant states in his SOFA that he did not make any gifts or transfers of property or incur any losses.

16.     At the 341 Meeting the Defendant testified that his Schedules and SOFA were true and correct.

17.     In response to the Chapter 7 Trustee's questions regarding numerous deposits made into his bank account from a source or sources other than his employer, but had a side job from which he received pay one or two times a week.   He testified that he did not gamble.   The Chapter 7 Trustee requested that the Defendant amend Schedule I and the SOFA to show his part time employment.

18.     On September 3, 2019, the Defendant amended his SOFA and Form 122A-1.   No other amendments to the Schedules, SOFA, or any other required document have been filed to date.

19.     The only change the Defendant made in his Amended SOFA was to add gambling losses of approximately $14,000 in response to question 15.   He amended Form 122A-1 to increase monthly income from $1,317.33 to $4,035.54.

3

20.     The Defendant maintained a bank account at Citizen's Bank prior to and at the time he filed his Petition.   Statements for that account show unexplained deposits of approximately $15,300 from December 31, 2018 through May 9, 2019, including ATM and/or mobile deposits of approximately $8, 370, an incoming wire transfer of $1,457, and a deposit of $5,487 from Coinbase.com.

21.     Unexplained purchases during the same period include what appear to be purchases of domestic and/or international vouchers and/or gift cards, cryptocurrency, and airline and hotel expenses.

22.     Upon information and belief, the Defendant was engaged in the purchase and sale of vouchers/gift cards prior to and at the time he filed his Petition.

23.     Upon information and belief, the Defendant failed to disclose the income received from the above referenced transactions, as well as items in his possession at the time he filed his Petition.   Moreover, to the extent the Defendant transferred any of the items purchased with the credit cards, he similarly failed to disclose such transfers.

24.     Upon further information and belief, the Defendant failed to keep or preserve any recorded information from which his financial condition and/or the results of the transactions referenced above might be ascertained.

**COUNT 1 - THE DEFENDANT, WITH INTENT TO HINDER, DELAY OR DEFRAUD A CREDITOR OR AN OFFICER OF THE ESTATE, HAS CONCEALED PROPERTY OBTAINED WITHIN THE YEAR PRECEDING THE FILING OF THE BANKRUPTCY CASE AND/OR PROPERTY OF THE ESTATE**

25.     The U. S. trustee re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 24 above.

26.     Many, if not all of the above referenced purchases made by the Defendant

4

preceding the filing of his bankruptcy case constitute either assets of the Defendant owned

during the one year period before he commenced this case, or assets of the bankruptcy estate

pursuant to 11 U.S.C. section 541.

27.     The Chapter 7 Trustee is charged with administering the assets of the

estate pursuant to 11 U.S.C. § 704.

28.     Section 727(a)(2)(A) and (B) of the Bankruptcy Code provides that the

court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a

creditor or an officer of the estate charged with custody of property under this title, has

transferred, removed, destroyed, mutilated or concealed, or permitted to be transferred, removed,

destroyed, mutilated, or concealed property of the debtor within one year before the date of the

filing of the petition, or property of the estate, after the date of the filing of the petition.

29.     Based on the Defendant's concealment of personal property obtained prior

to the filing of his petition and/or the transfers and/or concealment of any transfers thereof, the

Defendant's request for a discharge of his debts should be denied.

### COUNT 2 - THE DEFENDANT FAILED TO KEEP OR PRESERVE RECORDED INFORMATION FROM WHICH HIS FINANCIAL CONDITION OR BUSINESS TRANSACTIONS MIGHT BE ASCERTAINED

30.     The U. S. trustee re-alleges and incorporates herein the allegations set

forth in paragraphs 1 through 29 above.

31.     Upon information and belief, the Defendant failed to preserve or maintain

records containing information from which a complete and/or comprehensible picture of his

financial condition and pre-petition financial transactions may be ascertained including, but not

necessarily limited to records of the purchase and/or disposition of the assets referenced above

and/or the funds obtained from the sale and/or transfer of such assets.    The Defendant's failure

to preserve or maintain such records was not justified under all of the circumstances of this case.

32.    Section 727(a)(3) of the Bankruptcy Code provides that the court shall

grant a debtor a discharge unless "the debtor...failed to keep or preserve any recorded

information...from which the debtor's financial condition or business transactions might be

ascertained" unless the failure to do so was justified under all of the circumstances of the case.

33.    Based on the Defendant's unjustified failure to keep or preserve records

from which his financial condition and/or business transactions might be ascertained, the

Defendant's request for a discharge of his debts should be denied.

### COUNT 3 - THE DEFENDANT KNOWINGLY AND FRAUDULENTLY, IN OR IN CONNECTION WITH THIS CASE, MADE A FALSE OATH OR ACCOUNT

34.    The U. S. trustee re-alleges and incorporates herein the allegations set

forth in paragraphs 1 through 33 above.

35.    Section 727(a)(4)(A) of the Bankruptcy Code provides that the court shall

grant a debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with

the case made a false oath or account.

36.    Based on both the Defendant's failure to disclose assets and/or income on

his Schedules and Form 122A-1 and/or the transfer of assets on his Statement of Financial

Affairs, all of which were signed under oath, and his false testimony regarding his assets and

financial transactions at the 341 Meeting, the Defendant's request for a discharge of his debts

should be denied.

6

**COUNT 4 - THE DEFENDANT HAS FAILED TO EXPLAIN SATISFACTORILY ANY
DEFICIENCY OF ASSETS TO MEET HIS LIABILITIES**

37.    The U. S. trustee re-alleges and incorporates herein the allegations set

forth in paragraphs 1 through 36 above.

38.    Section 727(a)(5) of the Bankruptcy Code provides that the court shall

grant a debtor a discharge unless the debtor has failed to explain satisfactorily, before

determination of denial of discharge . . . any loss of assets or deficiency of assets to meet the

debtor's liabilities.

39.    As set forth above, the Defendant's Schedules show a substantial

deficiency of assets to meet the liabilities listed thereon.   To date, the Defendant has failed to

explain satisfactorily this deficiency.   Accordingly, the Defendant's request for a discharge of

his debts should be denied.

**CONCLUSION**

Wherefore, the U. S. trustee respectfully requests that the Court enter judgment in

favor of the U. S. trustee, deny the Defendant's request for a discharge, and grant such further

and other relief as is just.

Respectfully submitted,

ANDREW R. VARA
Acting United States trustee - Region 3

By:   _/s/ Dave P. Adams_
Dave P. Adams
Office of the U. S. trustee
200 Chestnut Street, Suite 502
Philadelphia, Pennsylvania   19106
(215) 597-4411
(215) 923-1293 (fax)
DATED this _10th_ day of October, 2019.         dave.p.adams@usdoj.gov